09-1112-ag
Johanes v. Holder

BIA
Elstein, IJ
A098 550 482

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of December, two thousand nine.

PRESENT:
> RALPH K. WINTER,
> PIERRE N. LEVAL,
> REENA RAGGI,
> > *Circuit Judges*.

_____

LINTJE JOHANES, A.K.A. LINTJE JOHANNES,
          *Petitioner*,

                    v.                                    09-1112-ag
                                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent*.

_____

FOR PETITIONER:            H. Raymond Fasano, New York, New
                           York.

**FOR RESPONDENT:** **Tony West, Assistant Attorney General; Douglas E. Ginsburg, Senior Litigation Counsel, Zoe J. Heller, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Lintje Johanes, a native and citizen of Indonesia, seeks review of a February 19, 2009 order of the BIA, affirming the September 10, 2007 decision of Immigration Judge ("IJ") Annette S. Elstein, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lintje Johanes*, No. A098 550 482 (B.I.A. Feb. 19, 2009), *aff'g* No. A098 550 482 (Immig. Ct. N.Y. City Sept. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the

2

application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

We find no error in the agency's conclusion that Johanes failed to meet her burden of proof on her application for withholding of removal.[1] This Court has consistently declined to disturb the agency's finding that there is no pattern or practice of persecution against Chinese Christians in Indonesia. *See Santoso v. Holder*, 580 F.3d 110 (2d Cir. 2009) (citing *In re A-M-*, 23 I&N Dec. 737 (BIA 2005)). Moreover, the record in this case includes reports by the U.S. Citizenship and Immigration Services Resource Information Center and the Department of State indicating that discrimination against ethnic Chinese in Indonesia has greatly declined, and that many laws discriminating against ethnic Chinese have been repealed. Finally, the Board reasonably noted that Johanes's actions in remaining in Indonesia for a substantial amount of time after she claims she was harmed and returning to the country after arriving in the United States in 2006 undermine her claim, as does the fact that her children and husband

---

[1] Johanes concedes that we are without jurisdiction to consider the agency's pretermission of her untimely asylum application.

3

continue to live safely in the country.[2] *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 68 n.2 (2d Cir. 2007); *Lie v. Ashcroft*, 396 F.3d 530 (3d Cir. 2005)*; see also In re A-E-M- ,* 21 I. & N. Dec. 1157, 1160 (BIA 1998).

Because Johanes failed to meaningfully argue her eligibility for CAT relief before either the agency or this Court, we deem such claim for relief abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

---

[2]We reject Johanes's request that we adopt the Ninth Circuit's "disfavored group" analysis. *See Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir. 2004)

4