Agustina v. Holder
BIA
Vomacka, IJ
A088 527 909

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of August, two thousand twelve.

PRESENT:
        GUIDO CALABRESI,
        GERARD E. LYNCH,
        DENNY CHIN,
            *Circuit Judges.*
_____

THEN LENNY AGUSTINA, AKA LENNY
AGUSTINA THEN,
        *Petitioner,*

        v.                                    11-3697
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Oleh Roman Tustaniwsky, Brooklyn,
                       N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Carl H. McIntyre, Jr.,
                       Assistant Director; Kate D. Balaban,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Then Lenny Agustina, a native and citizen of Indonesia, seeks review of an August 16, 2011, decision of the BIA affirming the November 13, 2009, decision of immigration judge ("IJ") Alan Vomacka, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Then Lenny Agustina*, No. A088 527 909 (B.I.A. Aug. 16, 2011), *aff'g* No. A088 527 909 (Immig. Ct. N.Y. City Nov. 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

The agency did not err in finding that Agustina had failed to establish a pattern or practice of persecution against ethnic Chinese or Jehovah's Witnesses in Indonesia.

2

First, the agency reasonably concluded that she failed to present sufficient evidence concerning the persecution, if any, of Jehovah's Witnesses. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that a well-founded fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"); *see also Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (per curiam) (upholding a BIA determination that no pattern or practice of persecution of ethnic Chinese or Roman Catholics existed in Indonesia). Moreover, while the International Religious Freedom Report 2009 states that extremist groups have used violence against churches and that the Indonesian government bans proselytizing, it does not compel the conclusion that Agustina faces government-sanctioned persecution if returned to Indonesia, as it also states that the government "generally respect[s] religious freedom" and the Indonesian constitution provides for freedom of religion. *See* 8 U.S.C. § 1252(b)(4)(B).

Further, the agency's finding that Agustina had failed to have her husband corroborate her claims was reasonable because, even if her husband was unable to testify, he could have submitted an affidavit. *See Kyaw Zwar Tun v. INS*, 445

3

F.3d 554, 563 (2d Cir. 2006) ("We review an IJ's finding that corroborative evidence was available for substantial evidence, and will not reverse unless a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

Agustina also argues that *In re A-M-*, 23 I. & N. Dec. 737 (BIA 2005), does not support the agency's conclusion that there is no pattern or practice of persecution of ethnic Chinese and Christians in Indonesia. This argument is meritless: Even though the evidence here is more recent than in *In re A-M-*, it does not establish that there was a pattern or practice of persecution. *See Jian Xing Huang*, 421 F.3d at 129. Agustina also attempts to distinguish *In re A-M-* by relying on *Mufied v. Mukasey*, 508 F.3d 88 (2d Cir. 2007), in which we remanded and asked the BIA to clarify the *In re A-M-* standard. But as we have explained, although the BIA continues to apply the *In re A-M-* standard "where the BIA explicitly discusse[s] the pattern or practice claim and the record includes substantial documentary evidence regarding the conditions in [a] petitioner's homeland, we are able to" determine whether the agency's determination was correct without remand. *Santoso*, 580 F.3d at 112 n.1. In the present case, the agency did

4

not ignore Agustina's pattern or practice claim, but specifically found that, based on the documentary evidence, she had "not shown that . . . a pattern or practice of persecution exist[ed] for similarly situated Indonesian Christians."

Further, Agustina's argument that the Ninth Circuit has remanded a similar case because the BIA had failed to apply a "disfavored group" analysis is unavailing, as the Ninth Circuit's disfavored group analysis standard is not binding on this Court, and we have repeatedly declined to adopt that analysis. *See, e.g.*, *Johanes v. Holder*, 358 Fed. App'x 280, 282 n.2 (2d Cir. 2009); *Korompis v. Holder*, 334 Fed. App'x 443, 444 n.3 (2d Cir. 2009).

Accordingly, the agency reasonably found that Agustina had failed to establish a well-founded fear of future persecution. Because she was unable to show a well-founded fear of future persecution, as needed to make out an asylum claim, she was necessarily unable to meet the higher standard required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Lastly, because Agustina did not present any particularized evidence that it is more likely than not that she would be tortured in Indonesia, the agency's decision to deny CAT relief is

5

supported by substantial evidence. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk