Juan v. Garland

BIA
Vomacka, IJ
A206 445 905

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-three.

PRESENT:
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

LIN CHAN JUAN, AKA CHUN JUAN LIN,

> *Petitioner*,

> v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

20-1581
NAC

FOR PETITIONER:                Meer M. M. Rahman, Esq., New York, NY.

FOR RESPONDENT:           Brian M. Boynton, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Joseph A. O'Connell, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lin Chan Juan, a native and citizen of the People's Republic of China, seeks review of an April 23, 2020, decision of the BIA affirming a July 16, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Chan Juan*, No. A206 445 905 (B.I.A. Apr. 23, 2020), *aff'g* No. A206 445 905 (Immig. Ct. N.Y. City July 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the grounds for the denial of relief that the BIA did not rely on. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The Petitioner's challenge to the adverse credibility determination is cursory and does not establish error in the

2

agency's decision. She does not acknowledge or contest the inconsistencies relied on by the agency, but summarily asserts that her testimony should have been found credible. Accordingly, we defer to the agency's adverse credibility determination. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (holding that petitioner could only disprove his previous inconsistencies by "demonstrat[ing] that a reasonable fact-finder would be *compelled* to credit his testimony" (cleaned up)).

Moreover, our review of the record and the agency's decisions reveals substantial evidence for that determination given inconsistencies in the Petitioner's statements regarding whether the police physically assaulted her during a church raid and whether anyone was arrested, and inconsistencies between Petitioner's and her husband's statement regarding the year of the alleged forced sterilization and whether she was in hiding for three years. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) ("We defer . . . to an IJ's

credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.").

The Petitioner also asserted a fear of future persecution because of her continuing practice of Christianity, and the agency addressed that claim separately from the adverse credibility determination. To establish a well-founded fear of persecution, an applicant must show that "h[er] fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). "Objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to [her] native country." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 128 (2d Cir. 2005). A fear "may be well-founded even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000). But a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang*, 421 F.3d at 129.

Although the Petitioner asserts that she will attend illegal house churches if she is removed and the Chinese government will become aware of her Christianity because she will proselytize, her evidence does not contradict the agency's conclusion that she would not likely practice in such a way as to come to the

4

attention of authorities in China and be persecuted as a result. The country conditions evidence does not establish a "pattern or practice" of persecution of "similarly situated" Christians. 8 C.F.R. § 1208.13(b)(2)(iii). A pattern or practice claim requires demonstration of "systemic or pervasive" persecution. *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see also Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (denying petition where agency considered background materials and rejected pattern or practice claim because persecution was not systemic or pervasive). Where, as here, the treatment of Christians varies throughout China, the Petitioner had the burden to demonstrate a pattern or practice in her home province of Fujian. *See Jian Liang v. Garland*, 10 F.4th 106, 117 (2d Cir. 2021) (upholding agency's decision that there was no "pervasive pattern of persecution" of Christians across China or in Fujian Province specifically); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 165–66, 174 (2d Cir. 2008) (finding that the BIA did not err in requiring localized evidence of persecution when the record reflected wide variances in enforcement of family planning policies). As the agency found, the Petitioner did not meet her burden of proof because there was no evidence of persecution of Christians in Fujian Province. To the extent the Petitioner argues that she has a lower burden of proof, "[w]e reject [her] request

that we adopt the Ninth Circuit's 'disfavored group' analysis." *Johanes v. Holder*,

358 F. App'x 280, 282 n.2 (2d Cir. 2009) (summary order).

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court